**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY JEFFERSON, | ) |
| Petitioner, | ) 3:16-cv-00100-HDM-WGC |
| v. | ) **ORDER** |
| ROBERT LEGRAND, et al., | ) |
| Respondents. | ) |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) comes before the court for consideration on the merits. Respondents have answered (ECF No. 8). Petitioner has not filed a reply, and the time for doing so has expired.

**Background**

On April 14, 2005, following a three-day jury trial, a jury convicted petitioner of multiple counts, including sexual assault, statutory sexual seduction, kidnapping, and pandering of a child, and a judgment of conviction was entered accordingly. (Exh. 5 (Tr. 10-11);

Exh. 6).[1] On appeal, the Supreme Court of Nevada reversed the pandering conviction and one of the kidnapping convictions. (Exh. 7). An amended judgment of conviction was entered on June 26, 2006. (Exh. 8).

Thereafter, petitioner filed a postconviction petition for writ of habeas corpus in state court. (Exh. 9). Following an evidentiary hearing, the trial court denied the petition. (Exhs. 14, 15 & 17). On appeal, the Nevada Supreme Court affirmed. (Exh. 21). Petitioner then filed the instant petition for writ of habeas corpus pursuant to 2254.

**Standard**

28 U.S.C. § 2254(d) provides the legal standards for this court's consideration of the merits of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-

---

[1] The exhibits cited in this order, which comprise the state court record, are located at ECF No. 9.

2

694 (2002). This court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Andrade*, 538 U.S. 63 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than

3

incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g.*, *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." *Id.* at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

**Analysis**

The petition raises two grounds for relief. First, petitioner asserts that his trial counsel was ineffective because he failed to

4

raise a "reasonable mistake of age" defense to the statutory sexual seduction charges. Second, petitioner argues that his trial counsel was ineffective because he failed to propose a jury instruction on reasonable mistake of age.

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of

reasonableness,. . . under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (internal quotations and citations omitted).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen*, 563 U.S. at 189. The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance. . . . through the 'deferential lens of § 2254(d).'" *Id.* at 190 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Id.* at 181-89. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ----, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of

6

equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. at 105. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id*. at 104 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id*. at 105 (internal quotations and citations omitted).

Petitioner raised both of his claims before the Nevada Supreme Court on appeal of the denial his postconviction habeas petition. The Nevada Supreme Court rejected the claim relating to the jury instruction as follows:

> [A]ppellant Gregory Jefferson argues that the district court erred in denying his claim that trial counsel was ineffective in failing to request a jury instruction on reasonable mistake of age. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d

> 1164, 1166 (2005).
>
> Jefferson argues that counsel was ineffective for failing to request a jury instruction on the theory that reasonable mistake of age is a defense to statutory sexual seduction (NRS 200.364(6)). Jefferson has failed to demonstrate deficiency or prejudice. As Jefferson conceded below, this court has held that a reasonable mistake as to the victim's age is not a defense to statutory sexual seduction. *See Jenkins v. State*, 110 Nev. 865, 870-71, 877 P.2d 1063, 1067 (1994). Further, while the defense is entitled to a jury instruction on its theory of defense, that theory must be supported by some evidence and it must be an accurate statement of law. *McCraney v. State*, 110 Nev. 250, 255, 871 P.2d 922, 925 (1994); *Vallery v. State*, 118 Nev. 357, 372, 46 P.3d 66, 77 (2002). Here, it was not the theory of defense (that the State failed to meet its burden of proof), Jefferson identifies no evidence that would support such a theory, and it is not an accurate statement of law. It would therefore have been a futile request, and counsel was not objectively unreasonable in not making it. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Moreover, Jefferson has failed to demonstrate a reasonable probability of a different outcome at trial where he was also convicted of the alternate, greater offenses of sexual assault of a child under 16 years.

(Exh. 21). The Nevada Supreme Court did not address petitioner's related claim that counsel was ineffective for failing to pursue a reasonable mistake of age defense to the statutory sexual seduction charges.

Both of petitioner's assertions of ineffective assistance of counsel are without merit. Nevada law was clear at the time of petitioner's trial that "reasonable mistake of age" was not a defense to statutory sexual seduction. *Jenkins v. State*, 877 P.2d 1063, 1067 (Nev. 1994). Counsel's decision not to pursue a clearly unavailable defense and instruction did not therefore fall below an objective standard of reasonableness. Nor has petitioner established that it caused him prejudice. There is no reasonable probability that the

8

state trial court would have offered an instruction on reasonable mistake of age when the law clearly precluded such a defense. For those reasons, the Supreme Court of Nevada's rejection of petitioner's ineffective assistance of counsel claim with respect to the failure to seek a jury instruction was not objectively reasonable, and petitioner is not entitled to relief with respect to his claim that counsel failed to pursue a reasonable mistake of age defense. The petition for writ of habeas corpus must therefore be denied.

**Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* When the defendant's claim is denied on procedural grounds, a certificate of appealability should issue if the petitioner shows: (1) "that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**Conclusion**

In accordance with the foregoing, IT IS ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) is hereby DENIED on its merits, and this action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of the Court shall close this action and enter final judgment accordingly.

IT IS SO ORDERED.

DATED: This 30th day of March, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE